**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re: **Stephanie L Mello**　　　　　　　　　　Case No.

　　　　　　　　　　　　　　　　　　　　　　**CHAPTER 13 PLAN**

　　　　　　　　Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ **700.00** each month for **60** months.
Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | Contra Costa County Tax Collector | 450,000.00 | Unknown | | | | 2.00 |
| ☒ | ☐ | Countrywide | 450,000.00 | | | | 19,000.00 | 0.00 |
| ☒ | ☐ | Countrywide | 450,000.00 | | | | 8,400.00 | 0.00 |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **Pro Tanto** %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment |
|---|---|
| **Countrywide** | 3,800.00 |
| **Countrywide** | 1,200.00 |
| **Mortgage Service Center** | 400.00 |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b): (1) In the event a secured creditor obtains relief from the stay, that creditor's claim shall be classified as an unsecured claim from and after the date creditor recovers possession; (2) The real property located at 2520 Tripp Dr., #8, Reno, NV shall be surrendered to Countrywide, Mortgage Service Center, Benchmark (Homeowners Assn.) and the Washoe County Tax Collector; (3) The real property located at 2085 Highview Ct., #1, Reno, NV shall be surrendered to Countrywide, Mortgage Service Center, Benchmark (Homeowners Assn.) and the Washoe County Tax Collector; (4) The real property located at 3947 Clearacre Ln., Reno, NV shall be surrendered to Countrywide, Mortgage Service Center, and the Washoe County Tax Collector.

Dated: August 29, 2008　　　　　　　**/s/ Stephanie L Mello**
　　　　　　　　　　　　　　　　　　　　(Debtor)　　　　　　　　　　　　　　(Debtor)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re: **Stephanie L Mello**　　　　　　　　　Case No.

**CHAPTER 13 PLAN - Continuation Sheet**

　　　　　　　　Debtor(s).

I/We　**Patrick L. Forte**　am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

　　　　　　　　　　　　　　　　　　**/s/ Patrick L. Forte**
　　　　　　　　　　　　　　　　　　　Attorney for Debtor(s)